UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DOREEN HARRIS, *pro se*,

        Plaintiff,

   -against-

THE DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT;
Director of State Legislative, JOHN
MAZZITELLI; Director, Asset Sales Program,
NICK STAVRIOTIS; Legal Affairs,
MAIRAN WHITE; and ARTTIMECHE
PEARSON, Director, Administration and
Compliance; THE DEPARTMENT OF
CITYWIDE ADMINISTRATIVE SERVICES,
DIVISION OF REAL ESTATE SERVICES,
Director of Release Center, JAMES MONTEFINISE;
MR. ROBERT; THOMAS PRUZAN - Pruzan
Law Firm; NAPCO HOLDINGS LLC; PETER
AND NICHOLAS NAKOS; ANGELA MARINOS,

**MEMORANDUM AND ORDER**
08-CV-1886 (DLI) (LB)

        Defendants.
------------------------------------------------------------------x
**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Doreen Harris filed this *pro se* action on May 5, 2008.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and for the reasons discussed below, grants plaintiff 30 days leave to file an amended complaint.

---

[1] In January 2007, plaintiff filed a similar action alleging that the Department of Housing Preservation and Development failed to make repairs in the building where she resides and "[b]ased on her [a]ge and her [r]ace, she has been taken advantage of, [d]iscriminated." See Harris v. Dep't of Hous. Pres. & Dev., 07-CV-0067 (DLI), January 11, 2007 Compl. at 2. The court dismissed plaintiff's complaint on March 29, 2007, for lack of subject matter jurisdiction.

**BACKGROUND**

Plaintiff has lived in an apartment building in Brooklyn since 1965. In July of 1983, the City of New York foreclosed on the property for non-payment of real estate taxes. Compl. at 2. Thereafter, plaintiff agreed to pay $230 a month toward paying off the back taxes owed. Id. Plaintiff alleges that the

> Department of Housing Preservation and Development became the owners from 1983 to 2006, [t]otaling [s]ixty three thousand [f]our hundred eighty dollars toward taxes. The taxes owed should have been paid, but the ownership was not returned as agreed. But secretly sold to NAPCO HOLDINGS LLC. ["NAPCO"] [and] Peter and Nicholas Nakos . . . .

Compl. at 2. Plaintiff contends that she

> should not be consider[ed] a tenant but rather the owner. The [p]roperty only had back taxes owed; there was an agreement of repayment with a stipulation on the repairs. This agreement was tak[en] out of context to a degree of discrimination where plaintiff is in double jeopardy of losing her home. The amount of years the plaintiff, has pay the amount of [$230] until this present day only confirms some kind of fowl [sic] play that needs Federal Justice. There was an agreement in place and HPD disregarded the agreement and made [p]laintiff a month to month tenant, then sold the property to [NAPCO].

Compl. at 4. Plaintiff further states that NAPCO continued to collect $230 dollars from plaintiff although the premises needed major repairs, such as a new heating system and hot water boiler. Compl. at 3. She states that she "made repairs as much as possible until she became sick and overwhelmed." Id. Plaintiff alleges that the Department of Housing Preservation and Development ("HPD") was aware that she was living without heat and hot water and that the premises had water damage and needed lighting and roof repairs. Compl. at 6. She alleges that

> HPD [d]iscriminated against [her] due to her race (black) and age. HPD, never conducted the repairs or gave back ownership to plaintiff to refinance the property for repairs to be done. Instead, they violated the Federal Fair Housing Act by secretly selling the property to [NAPCO].

2

Id. Plaintiff seeks the ownership of her property, "with all [t]axes up to date with a Judgment [a]mount by a Jury trial/Judge, for Neglect, Emotion Distress, Discrimination and Pain and Suffering." Compl. at 7.

**DISCUSSION**

A district court shall dismiss an *in forma pauperis* action when it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;" or (2) "the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). Courts are obliged to construe the pleadings of a *pro se* plaintiff liberally, particularly allegations of civil rights violations. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

The court is sympathetic to plaintiff and her situation; however, the subject matter jurisdiction of the federal courts is limited. The basic statutory grants of subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides federal-question jurisdiction and Section 1332 jurisdiction based on diversity of citizenship. Id. A plaintiff properly invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship and the amount in controversy exceeds $75,000. Id. The

instant case lacks diversity of citizenship as the defendants are alleged to reside in the same city as the plaintiff.

"A plaintiff properly invokes § 1331 jurisdiction when [she] pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513. A claim alleging federal-question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.,* if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n.10. Courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980); however, *pro se* plaintiffs must establish subject matter jurisdiction. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y.1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

To the extent plaintiff's complaint is premised on foreclosure or landlord-tenant matters, the court is without jurisdiction to grant plaintiff the relief she seeks. It is well settled that the landlord-tenant relationship is fundamentally a matter of state law. See Harris v. Dep't of Hous. Pres. & Dev., No. 07-CV-0067, 2007 WL 602299 at, *2 (E.D.N.Y. Feb. 20, 2007); see also Dockery v. Cullen & Dykman, 90 F. Supp. 2d 233, 236 (E.D.N.Y. Mar. 30, 2000) (noting that federal courts lack jurisdiction over claims of foreclosure fraud). The court must dismiss plaintiff's complaint for lack of subject matter jurisdiction unless there is a valid federal-question claim.

Plaintiff's discrimination claim, as alleged, is insufficient. Title VIII of the Civil Rights Act of 1968, also known as the federal Fair Housing Act ("FHA"), forbids discrimination in housing on the basis of race, color, religion, sex, familial status, or national origin and, as amended by the Fair Housing Amendments Act of 1988 ("FHAA"), disabled status. See 42 U.S.C. § 3604. "The

provisions of [the FHAA] are to be given broad and liberal construction, in keeping with Congress' intent . . . of replacing racially segregated housing with truly integrated and balanced living patterns." Cabrera v. Jakabovitz, 24 F.3d 372, 388 (2d Cir. 1994) (internal quotations omitted).

A plaintiff seeking recovery under the FHAA can establish discrimination under any of the following theories: (1) disparate treatment; (2) disparate impact; or (3) failure to make a reasonable accommodation. Tsombanidis v. West Haven Fire Dep't, 352 F.3d 565, 573 (2d Cir. 2003). A liberal reading of plaintiff's complaint suggests that she raises a claim of disparate treatment. To show disparate treatment, a plaintiff must demonstrate that "discriminatory purpose was a motivating factor" in defendant's action. See Village of Arlington Heights v. Metro. Hous. & Dev. Corp., 429 U.S. 252, 270 (1977). A complaint alleging discrimination must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Sweirkiewicz v. Sorema N.A., 534 U.S. 506, 512 (citing Fed. R. Civ. P. 8(a)(2)) (internal quotations omitted). To withstand dismissal, however, a complaint alleging discrimination cannot rest on conclusory allegations of discrimination; rather, it must contain "facts supporting the grounds upon which [the] claim of . . . discrimination rests." Straker v. Metropo. Transit Auth., 333 F. Supp. 2d 91, 102 (E.D.N.Y. 2004).

Plaintiff alleges that "HPD [d]iscriminated against [her] due to her race (black) and age." Compl. at 6. This allegation fails to state a valid FHA claim against each defendant; however, in light of plaintiff's *pro se* status, the court grants plaintiff leave to amend her complaint to set forth facts sufficient to give notice of the grounds upon which her claim of discrimination is based against HPD and the other named defendants. See Straker, 333 F. Supp. 2d at 102.

5

**CONCLUSION**

Accordingly, plaintiff is afforded an opportunity to amend her complaint with regard to her FHA claim within thirty (30) days of the date of this order. Should plaintiff submit an amended complaint it must be captioned as an "Amended Complaint" and bear the same docket number as this Order. For the convenience of the *pro se* Plaintiff, instructions on how to file an Amended Complaint are attached to this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend her complaint within 30 days as directed by this Order, the court shall dismiss this complaint pursuant to 28 U.S.C. § 1915 (e)(2)(B).

The court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED

DATED:   Brooklyn, New York
         August 5, 2008

                                         _____/s/_____
                                         DORA L. IRIZARRY
                                         United States District Judge

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF NEW YORK
PRO SE OFFICE
U.S. COURTHOUSE
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

# HOW TO AMEND YOUR COMPLAINT

If you have forgotten to state an important matter in your complaint, you discover something new after you filed your complaint, you want to add a defendant, or you want to insert the true name of a "John Doe" defendant, you may be able to file an amended complaint. An amended complaint does not just add to the first complaint. Once you file an amended complaint it entirely replaces your original complaint.

Amendments to a complaint are governed by Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) provides that:

> A party may amend the party's pleading **once** as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

This means that if the defendant has not yet filed an answer to your complaint, you can file one amended complaint without permission of the Court. If the defendant has filed a motion to dismiss but has not filed an answer, you are still entitled to file one amended complaint without permission. (You are only permitted to file <u>one</u> amended complaint before defendant files an answer; if you wish to file a second amended complaint before defendant files an answer, you must obtain defendant's consent or you must obtain permission from the Court). However, if the defendant has already filed his <u>answer</u> to your complaint, you must get <u>written</u> consent from the defendant or permission of the Court before amending your complaint. If the defendant agrees in writing that you can file an amended complaint, you must ask the judge to write "So Ordered" on the written consent, indicating that the judge has approved the consent. If the defendant does not give you written consent, you can ask permission from the Court by filing a motion to amend the complaint and including a copy of the proposed amended complaint with your motion papers. Instructions for preparing a motion are attached and are available separately.

If you file an amended complaint. It **must** be captioned as an "**Amended Complaint.**"

# FILING AND SERVING THE AMENDED COMPLAINT

## SERVICE OF THE AMENDED COMPLAINT BEFORE THE ORIGINAL COMPLAINT HAS BEEN SERVED

If you decide to amend your complaint before defendant has been served with your original complaint and summons, you should serve the amended complaint on defendant and file the original amended complaint with the Pro Se Office as follows:

1. Make copies of your amended complaint.

2. Keep one copy for your own records.

3. File the original of your amended complaint with the Pro Se Office.

4. If you have not added new defendants in your amended complaint, use the summons that was originally issued by the Court.

5. Have a copy of the summons and a copy of the amended complaint served on each defendant by someone who is over eighteen and is not a party to the action. The original summons with the seal of the court embossed on it must be returned to the Court, so do not serve the original summons on any defendant.

6. Have the person who serves the summons and amended complaint on each defendant complete an affidavit or affirmation of service of process form.

7. Make a copy of the affidavit or affirmation of service of process and keep it for your own records.

8. Attach the original affidavit or affirmation of service to the original summons.

9. File the original summons and the affidavit or affirmation of service of process with the Pro Se Office.

## SERVICE OF THE AMENDED COMPLAINT AFTER THE ORIGINAL COMPLAINT HAS BEEN SERVED ON ALL DEFENDANTS

If you decide to amend your complaint after the defendant has been properly served with your original complaint and summons (and you have not added any new defendants in your amended complaint), you should take the following steps:

1. Make copies of your amended complaint.

2. Keep one copy for your own records.

3. Send a copy of your amended complaint to the attorney for each defendant by ordinary first-class mail.

4. Complete an affidavit or affirmation of service of process form stating that the amended complaint was mailed to each defendant.

5. Make a copy of the affidavit or affirmation of service of process and keep it for your own records.

6. File the original amended complaint and your original affidavit or affirmation of service of process with the Pro Se Office.

### DELIVERY OF THE AMENDED COMPLAINT <u>AFTER</u> THE ORIGINAL COMPLAINT HAS BEEN SERVED ON <u>SOME DEFENDANTS</u> <u>BUT NOT ON OTHERS</u>

If you decide to amend your complaint <u>after</u> some defendants have been served with your original complaint and summons but before other defendants have been served (or you have added new defendants in your amended complaint), you should take the following steps:

1. Make copies of your amended complaint.

2. Keep one copy for your own records.

3. Send a copy of your amended complaint by ordinary first-class mail to each defendant who has already been served.

4. Complete an affidavit or affirmation of service of process form stating that the amended complaint and summons was mailed to each defendant.

5. Make a copy of the affidavit or affirmation of service of process and keep it for your own records.

6. File the original amended complaint and original affidavit or affirmation of service of process with the Pro Se Office.

7. If you have not added new defendants in your amended complaint, you must serve the amended complaint on the defendant who has not yet been properly served. If you have added new defendants, the Court will issue an amended summons which must be served with the amended complaint. If you are adding defendants, you must bring this to the attention of the Pro Se Writ Clerk.

8.  Have a <u>copy</u> of the amended summons and a <u>copy</u> of the amended complaint served pursuant to Rule 4 of the Federal Rules on any defendant who was not previously served with the original complaint.

9.  Have the person who served the amended summons and the amended complaint to each of the new defendants complete an affidavit or affirmation of service of process form.

10. Make a copy of the affidavit or affirmation of service of process.

11. Attach the affidavit or affirmation of service of process to the amended summons.

12. File the original amended summons and the original affidavit or affirmation of service of process with the Pro Se Office.

If you have questions regarding any of the procedures listed above, please contact the Pro Se Office at 718-613-2665.

11/28/05

Tara D. Hunter-Hicks
and
Ralph Vega, Jr.
Pro Se Writ Clerks

<u>Attn</u>: Pro Se Office
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

8:30AM - 5:00PM

(718) 613-2665